IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

GREGORY MARQUE HILLIE                                                    PETITIONER

v.                                                              No. 4:17CV182-MPM-RP

CHRIS POWELL, ET AL.                                                    RESPONDENTS

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* petition of Gregory Marque Hillie for a writ of *habeas corpus* under 28 U.S.C. § 2241. After reviewing the instant petition, the court finds that it is without merit and will be denied. In addition, based on the number and frivolous nature of Mr. Hillie's many previous petitions, the court will bar Mr. Hillie from filing future *habeas corpus* petitions regarding his current pretrial detention.

*Habeas Corpus* **Relief Under 28 U.S.C. § 2241**

The writ of *habeas corpus*, a challenge to the legal authority under which a person may be detained, is ancient. Duker, The English Origins of the Writ of Habeas Corpus: A Peculiar Path to Fame, 53 N.Y.U.L.Rev. 983 (1978); Glass, Historical Aspects of Habeas Corpus, 9 St. John's L.Rev. 55 (1934). It is "perhaps the most important writ known to the constitutional law of England," *Secretary of State for Home Affairs v. O'Brien*, A.C. 603, 609 (1923), and it is equally significant in the United States. Article I, § 9, of the Constitution ensures that the right of the writ of *habeas corpus* shall not be suspended, except when, in the case of rebellion or invasion, public safety may require it. *Habeas Corpus*, 20 Fed. Prac. & Proc. Deskbook § 56. Its use by the federal courts was authorized in Section 14 of the Judiciary Act of 1789. *Habeas corpus* principles developed over time in both English and American common law have since been codified:

The statutory provisions on *habeas corpus* appear as sections 2241 to 2255 of the 1948 Judicial Code. The recodification of that year set out important procedural limitations and additional procedural changes were added in 1966. The scope of the writ, insofar as the statutory language is concerned, remained essentially the same, however, until 1996, when Congress enacted the Antiterrorism and Effective Death Penalty Act, placing severe restrictions on the issuance of the writ for state prisoners and setting out special, new *habeas corpus* procedures for capital cases. The changes made by the 1996 legislation are the end product of decades of debate about *habeas corpus*.

*Id*. Under 28 U.S.C. § 2241, a federal court may issue the writ when the petitioner is in state custody pursuant to something other than a state judgment (such as pretrial detention, pretrial bond order, etc.), permitting a federal court to order the discharge of any person held by a state in violation of the supreme law of the land. *Frank v. Mangum*, 237 U.S. 309, 311, 35 S. Ct. 582, 588, 59 L. Ed. 969 (1915).

## Facts and Procedural Posture

Based upon Mr. Hillie's nearly indecipherable petition, it appears that he is incarcerated in the Bolivar County Regional Correctional Facility awaiting trial on charges of murder and aggravated assault. As in the other eight *habeas corpus* petitions he has filed in this court within the last year, the present one is substantially blank, and includes nonsensical phrases, such as "intergrammer timetable" and "Motion comparison Georgia and United States of America Constitutions Amendments bills of rights." Unlike his previous petitions, however, this one includes enough coherent language (mostly through attached documents) to discern a claim: that defense counsel has violated his right to due process by seeking a mental evaluation to determine Mr. Hillie's competency.

## Discussion

The law regarding the competency evaluation of a criminal defendant is well-established:

[T]he conviction of a legally incompetent defendant violates constitutional due process. *See Pate v. Robinson,* 383 U.S. 375, 378, 86 S.Ct. 836, 15 L.Ed.2d 815

(1966). A habeas petitioner may, on collateral review of his state conviction, obtain relief if he can show that the state procedures were inadequate to ensure that he was competent to stand trial, for example if the trial court failed to conduct a competency hearing. *See Carter v. Johnson,* 131 F.3d 452, 459 n. 10 (5th Cir.1997)(citing *Pate v. Robinson,* 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815). A state court must conduct an inquiry into the defendant's mental capacity *sua sponte* if the evidence raises a bona fide doubt as to competency. *See id.* In determining whether there is a "bona fide doubt" as to the defendant's competence, the court considers: (1) any history of irrational behavior, (2) the defendant's demeanor at trial, and (3) any prior medical opinion on competency. *See Davis v. Alabama,* 545 F.2d 460, 464 (5th Cir.1977). If the trial court received evidence, viewed objectively, that should have raised a reasonable doubt as to competency, yet failed to make further inquiry, the defendant has been denied a fair trial. *See Carter,* 131 F.3d at 459 n. 10.

*Mata v. Johnson*, 210 F.3d 324, 329 (5th Cir. 2000) (footnotes omitted). Thus, a trial court (the objective arbiter of legal issues in a criminal case) must raise the issue of a defendant's competency to stand trial *sua sponte* when in possession of evidence putting the court on inquiry notice. Certainly then, counsel representing such a criminal defendant must raise the issue before the court. The defendant's objection cannot stand, as, based upon the evidence initially available, he may not be competent to raise such an objection.

In the present case, a cursory examination of Mr. Hillie's pleadings would put any court on inquiry notice that he may be incompetent. Indeed, the number of his pleadings, the frequency at which he has filed them, and their irrational content, lead to that conclusion. This court has no knowledge of Mr. Hillie's history regarding irrational behavior, his demeanor during state court proceedings, or prior medical opinions on competency, if any. Defense counsel, however, stated that he found "reasonable ground[s] to believe that [Hillie] suffers from an intellectual disability due to mental illness, and that his mental illness makes him incompetent to stand trial," and that, "[r]ight now, he is mentally unable to assist in his defense." Once counsel identifies such grounds, he would be remiss in failing to call them to the court's attention. As such, the sole identifiable ground for relief

in the instant petition for a writ of *habeas corpus* is without merit and will be denied.

## Sanctions

The court cannot ignore Mr. Hillie's repeated filing of meritless, largely indecipherable, pleadings, and the time has come to address this conduct. The court may award sanctions under its inherent power for abuse of the judicial process only after finding that the litigant has acted in bad faith. *Roadway Express v. Piper*, 447 U.S. 752, 766, 100 S.Ct. 2455, 2464, 65 L.Ed.2d 488 (1980). Sanctions may only be imposed under the court's inherent power after the person being sanctioned has had adequate notice and a meaningful opportunity to be heard. *Persyn v. United States*, 135 F.3d 773 (Fed. Cir. 1997). The court has the power to police its docket in situations like the present one, where a litigant files numerous outrageous and meritless pleadings or otherwise disrupts the orderly administration of the docket. *Landis v. North American Co.*, 299 U.S. 248 (1936), *Marinechance Shipping v. Sebastian*, 143 F.3d 216 (5th Cir 1998), *U.S. Abatement v. Mobil*, 39 F3d 556 (5th Cir 1993). The Supreme Court acknowledges the need for the inherent power sanction when sanctions are clearly appropriate. *Id.* A district judge may use the inherent power of the court to fashion nearly any sanction he deems appropriate to the circumstances; however, the court should choose the least severe sanction adequate to deter sanctionable conduct in the future. *Thomas v. Capital Security Services, Inc.*, 836 F.2d 866 (5th Cir. 1988). The court's inherent power to impose sanctions must be used with restraint and caution because of its potency and the limited control of its exercise; the power may be exercised only if essential to preserve the authority of the court, and the sanction chosen must employ the least possible power adequate to the end proposed. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991)*; Anderson v. Dunn*, 19 U.S. (6 Wheat) 204, 231, 5 L.Ed. 242 (1821), *quoted in Spallone v. United States*, 493 U.S. 265, 280, 110 S.Ct. 625, 635, 107 L.Ed.2d

644 (1990); *see also Roadway Express, supra.* As long as a party receives an appropriate opportunity to be heard, he may be sanctioned for abuse of the judicial process occurring beyond the courtroom. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991). The fact that a court initiates sanctions against a party *sua sponte* does not indicate that the court is biased against that party. *Lemaster v. United States*, 891 F.2d 115 (6th Cir. 1989). The inherent power of the court emanates from the "control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (quoting *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630-631, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962)).

Under the standard set forth above, it appears to the court that a sanction is necessary to curb Mr. Hillie's stream of meritless filings. Though the court cannot make a finding on this issue on the current record, it appears that Mr. Hillie suffers from some sort of mental illness. Thus, the court is loath to impose a monetary sanction against him. Instead, the court is considering a prohibition against Mr. Hillie's filing further challenges to his pretrial detention. Such a sanction would not impose a harsh punishment upon someone seeming to suffer from a mental condition, but would nonetheless shield the court and its staff from an undue burden from Mr. Hillie's numerous petitions.

**Conclusion**

For the reasons set forth above, the instant petition for a writ of *habeas corpus* will be dismissed for failure to state a claim upon which relief could be granted. In addition, the court will require Mr. Hillie to show cause why he should not be prohibited from filing additional challenges to his current pretrial detention. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 19th day of April, 2018.

                                          **/s/ MICHAEL P. MILLS**
                                          **UNITED STATES DISTRICT JUDGE**
                                          **NORTHERN DISTRICT OF MISSISSIPPI**